USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _4/14/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA CASTILLO,

               Plaintiff,

-against-

GARDEN HERBS LLC and ANDRES GALVIS,

               Defendants.

24-CV-05763 (MMG)

**ORDER APPROVING
SETTLEMENT**

MARGARET M. GARNETT, United States District Judge:

This is a lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, Art. 6 §§ 190 *et seq.*, Art. 19 §§ 650 *et seq.* On March 11, 2026, the Court was advised that the parties had agreed to a settlement in principle. *See* Dkt. No. 32. By Order entered March 11, 2026, the Court directed the parties to submit their settlement agreement and a fairness memorandum. Dkt. No. 33.

The Court, having reviewed the parties' joint letter seeking approval of their settlement agreement, *see* Dkt. No. 38, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' claim and the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012).

The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it. Consistent with the agreement, the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

In addition, Plaintiffs seek approval of $7,060.20 in attorneys' fees and costs, which is 35.33% of the settlement amount of $20,000. *See* Dkt. No. 38-1 at 2. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33.33%. *See Guzman v. Joesons Auto Parts*, No. 11-cv-04543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein, L.P.*, No. 09-cv-05904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). But courts maintain discretion to approve attorneys' fees that are a higher percentage of the settlement amount. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) ("In most cases, it does not make sense to limit fees to 33% of the total settlement."). In line with that precedent, and with the settlement amount that will remain for plaintiffs in light of the facts of this case, attorneys' fees in the amount of slightly more than one-third of the recovery is appropriate here.

Accordingly, the Court approves the settlement subject to the condition set forth above. The Court DISMISSES the case with prejudice. All pending motions are moot. All conferences are cancelled. The Clerk of the Court is directed to CLOSE this case.

Dated: April 14, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge